**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Spectrum Pacific West LLC, | No. CV-20-01204-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Yuma, et al., | |
| Defendant. | |

As discussed at the status conference on March 9, 2023, there appear to be genuine disputes of material fact that would preclude granting summary judgment to either party. Therefore, the Court will set a jury trial. The parties are not precluded from filing a motion for summary judgment. However, if a motion is filed and it is found to lack a good faith basis, the Court will consider imposing sanctions. The parties will be required to confer in good faith and file a status report in two weeks identifying whether either side will seek summary judgment.

At present, Plaintiff Spectrum Pacific West's argument that the counterclaim for breach of contract is "moot" appears unfounded in law and fact. Spectrum argues the dismissal of its claims "resolves the dispute presented in Yuma's counterclaim" because that counterclaim "is effectively for anticipatory breach of contract." (Doc. 106 at 5-6). Spectrum appears to believe it never breached the contracts and, therefore, the counterclaim fails. But Spectrum's understanding of the counterclaim is incorrect. The counterclaim is based on allegations that a breach of contract already occurred.

1  Accordingly, the claim could only be "moot" if Spectrum had paid all the damages and
2  provided all other relief the City of Yuma seeks because of the alleged breach of contract.
3        Spectrum complains Yuma did not properly disclose the documents supporting its
4  damages.  Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties provide initial
5  computation of damages and "must also make available for inspection and copying" the
6  documents supporting that computation.  Rule 26(e)(1) requires prior disclosures be
7  supplemented "in a timely manner."  While the exact sequence of disclosures in this case
8  is not clear, documents related to damages that should have been disclosed years earlier
9  may well be excluded.  Fed. R. Civ. P. 37(c).
10       Accordingly,
11       **IT IS ORDERED** no later than **March 23, 2023**, the parties shall file a joint status
12 report indicating whether either side plans to file a motion for summary judgment.  Upon
13 receipt of that report the Court will set a briefing schedule for the planned motion.
14       **IT IS FURTHER ORDERED** trial to a jury is set for **May 8, 2023**.
15       Dated this 9th day of March, 2023.

                          Honorable Roslyn O. Silver
                          Senior United States District Judge